## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR437** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **CHARLES W. OAKLEY, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 28) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to dismiss or, in the alternative, suppress  (Filing No. 18) filed by the Defendant, Charles W. Oakley, Jr.  Oakley filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 32,33) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant is charged in a one-count Indictment with failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911, *et seq.*, in violation of 18 U.S.C. § 2250(a).  (Filing No. 1.)  Oakley moves to dismiss the Indictment, arguing that the penalty provision of SORNA at § 2250 violates: the Commerce Clause; the nondelegation doctrine; the Ex Post Facto Clause; the Due Process Clause; the Tenth Amendment to the United States Constitution; and his fundamental right to interstate travel.  Oakley also argues that he was not required to register under SORNA.  Alternatively, Oakley moves to suppress any statements made to law enforcement officers.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he decided all of the issues raised in the government's favor.

On the basis of these determinations, Judge Gossett recommended that the motion to dismiss, or alternatively suppress, be denied. Oakley objects to the facts as stated by Judge Gossett and to his conclusions of law. His objections are set out below in detail.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Gossett provided a detailed account of the relevant events. The Court has considered the transcript of the hearing conducted by Judge Gossett. (Filing No. 27.) At the hearing, the government's only evidence was in the form of a proffer consisting of the statement of facts in the government's brief in opposition to the motion. (Filing No. 22; Tr. at 25.) The Defendant objected to the following portions of the proffer: any portion that is hearsay (unspecified portions); Oakley told Sergeant Verbois that he was in Canada (Filing No. 22, at 2); his case manager told him that he had to register in Louisiana (Filing No. 22, at 3); any use of the phrase that Oakley moved or "changed his residence or was living in a particular residence" (unspecified portions). The government's response to certain objections was heard. (Tr. at 27-29.) Judge Gossett "accept[ed] the [government's] proffer with the limitations that have been noted" by the Defendant. (Tr. at 29.) Also, Oakley proffered without objection on behalf of the government that he did not receive letters

2

telling him to register.  (Tr. 26.)  Oakley did not formally proffer, but rather counsel stated

that Oakley told Sergeant Verbois that he might be traveling to Canada.  (Tr. 26.)

Oakley objects to Judge Gossett's statement of facts, arguing that in light of his

objections to the government's proffer Judge Gossett should have found:

> [he] did not "move" or "live in" Louisiana or any state other than Missouri, that
> he registered in Louisiana because his case manager told him that would be
> the safest option, and that the Defendant never informed Sergeant Verbois
> that he was in Canada, but merely said that he might have to go to Canada
> for a work assignment.

(Filing No. 32, ¶ 1.)

Regarding the argument that Judge Gossett should have found that Oakley did not

"move" or "live in" Louisiana or any state other than Missouri, the Defendant's objection

was generally to any reference to Oakley moving, changing his residence or living in a

particular residence.  Therefore, the initial objection at the hearing was not to any specific

portion of the proffer.  Similarly, upon objecting to Judge Gossett's statement of facts in his

Report and Recommendation, Oakley has not specified which portion(s) are allegedly in

error.  This objection is denied.

The other two objections are also without merit.  In his statement of facts, Judge

Gossett noted Oakley's contrary proffers.  (Filing No. 28, at 3.)  This Court reads the

statement of facts understanding the Defendant's objections and within the context of the

objections as discussed at the hearing.

Based on the Court's de novo review of the evidence and arguments, the Court

adopts Judge Gossett's factual findings as presented, with one minor exception.  The

Court notes that the last clause of the sentence appearing in the last line on page 2 and

at the top of page 3 of the Report and Recommendation should read: "however, he did *not*

3

register with the East Baton Rouge Parish Sheriff's Office or the Baton Rouge Police Department." (Filing No. 28, at 2-3 (emphasis added).)

## FACTUAL BACKGROUND

Briefly, in 1990 Oakley was convicted of sexual assault in Nevada and sentenced to 10 years imprisonment.  Upon his release from prison, he moved to Missouri and registered as a sex offender as required in 1996.  He owns a residence in Kansas City, Missouri.  On June 23, 2006, the Defendant registered as a sex offender with the Louisiana Sex Offender Registration Unit but not with the East Baton Rouge Parish Sheriff's Office or the Baton Rouge Police Department.  On or about February 14, 2007, an arrest warrant was issued for Oakley for failure to register as a sex offender in Louisiana.

In investigating the whereabouts of Oakley, the Louisiana federal Marshal's office enlisted the aid of the Nebraska federal Marshal's office as it had been learned that Oakley might be in Nebraska.  Oakley had not registered as a sex offender in Nebraska with the state or Douglas County.

Oakley's employer told him a warrant was out for his arrest, and Oakley went to Louisiana to clear up the matter.  While there, he gave a  statement to officers in which he said that after he learned that he had to register in Louisiana it occurred to him that perhaps he had to register in other states in which he worked, yet he never did so.  He bonded out in Louisiana, returned to Nebraska and registered in Nebraska on October 23, 2007.

**ANALYSIS**

Oakley objects to the following portions of Judge Gossett's legal analysis:

- page 10 - Oakley was required to register in Omaha, Nebraska, because he lived in an Omaha apartment;

- page 12 - the Commerce Clause empowers Congress to regulate the activities prohibited under 18 U.S.C. § 2250;

- page 13 - SORNA does not violate the nondelegation doctrine;

- page 16 - SORNA's registration requirements applied to Oakley at the latest on February 28, 2007;

- page 16 - Oakley's prosecution does not violate the Ex Post Facto Clause;

- page 21 - the prosecution did not violate Oakley's due process rights;

- page 21 - SORNA does not infringe on the rights reserved to the states under the Tenth Amendment; and

- page 23 - SORNA does not unlawfully restrict a defendant's right to interstate travel.

***Registration in Nebraska***

Judge Gossett stated: "Although the defendant continued to own residential property in Kansas City, it appears that he did live in an apartment in Omaha, Nebraska, for more than three business days due to a change in his status as an employee of AVP. He was clearly required by SORNA to register in Nebraska as a sex offender." (Filing No. 28, at 10.) The Defendant objects to this statement.

5

SORNA, in pertinent part, requires a sex offender to register in "'each jurisdiction where the offender resides, [and] where the offender is an employee.'" *United States v. Craft,* No. 4:07CR3168, 2008 WL 1882904, at *2 (D. Neb. 2008) (quoting 42 U.S.C. § 16913(a)). It is undisputed that Oakley was working in Nebraska. Therefore, for purposes of the motion to dismiss the objection is denied.

### Commerce Clause

In arguing that § 2250(a) violates the Commerce Clause, the Defendant argues that Judge Gossett interpreted the second category of matters regulated by commerce, the regulation of instrumentalities of interstate commerce or persons or things in interstate commerce, too broadly. The Defendant also argues that the jurisdictional element in the statute is an insufficient basis upon which to find a commerce clause connection.

The Constitution grants Congress the power "to regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes." U.S. Const., art. I. § 8, cl. 3. Congress may regulate three categories of conduct under its Commerce Clause authority: 1) "the use of channels of interstate commerce"; 2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce"; and 3) "activities having a substantial relation to interstate commerce." *United States v. Lopez,* 514 U.S. 558-59 (1995). The Constitution requires only a rational basis to conclude that targeted activity substantially affects interstate commerce. *Gonzales v. Raich,* 545 U.S. 1, 22 (2005).

Different judges of this Court have determined that the penalty provision of SORNA, 18 U.S.C. § 2250(a), does not violate the Commerce Clause. *United States v. Zuniga,* 4:07CR3156, 2008 WL 2184118, at *19 (May 23, 2008) (Hon. Richard G. Kopf,

6

4:07CR3156); *Craft,* 2008 WL 1882904, at *11 (Hon. Warren K. Urbom); *United States v. Hacker,* No. 8:07CR243, 2008 WL 312689, at *2 (Feb. 1, 2008) (undersigned Judge), *appeal filed,* No. 08-2427 (8th Cir. June 27, 2008).  In all but one case, other courts agree with the result reached in this district.  *See, e.g., United States v. Ditomasso,* 552 F. Supp. 2d 233, 247 (D.R.I. 2008); *United States v. Akers,* No. 3:07-CR-00086, 2008 WL 914493, at *3 (N.D. Ind. Apr. 3, 2008); *United States v. Thomas,* 534 F. Supp. 2d 912, 920 (N.D. Iowa Feb. 13, 2008).  *Contra United States v. Powers,* 544 F. Supp. 2d 1331, 1336 (M.D. Fla. Apr. 18, 1008) (despite the existence of a jurisdictional element, SORNA does not regulate activities that substantially affect interstate commerce).  This Court agrees with the weight of the authority and concludes that  § 2250(a) does not violate the Commerce Clause.  The objection is denied.

### *Nondelegation Doctrine*

This Court has previously decided that SORNA, § 16913(a), does not violate the nondelegation doctrine.  *Hacker,*2008 WL 312689, at *3.  One other judge of this court agrees.  *Zuniga,* 2008 WL 2184118, at **12-14.  Another judge from this district opined that he disagrees with that conclusion, although the issue was not before him.  *United States v. Aldrich,* No. 8:07CR158, 2008 WL 427483, at *6 n.5 (D. Neb. Feb. 14, 2008) (Hon. Joseph F. Bataillon).  All district courts in other jurisdictions to whom the issue has been presented have decided that SORNA does not violate the nondelegation doctrine.  *See, e.g., United States v. Waybright,* No. CR 08-16-M-DWM, 2008 WL 2380946, at *15 (D. Mont. June 11, 2008); *United States v. Cochran,* No. CR-08-18-RAW, 2008 WL 2185427, at *2 (E.D. Okla. May 23, 2008); *United States v. Howell,* No. CR07-2013-MWB, 2008 WL

313200, at *7 (N.D. Iowa Feb. 1, 2008); *United States v. May,* No. 4:07-CR-00164, 1:07-CR-00059, 2007 WL 2790388, at *6 (S.D. Iowa Sept. 24, 2007).  This Court agrees with the weight of the authority and its prior opinion and declines to adopt the dictum in the *Aldrich* opinion.  The objection is denied.

### Ex Post Facto/Date of Application to Oakley

The Defendant argues that in recommending the denial of his motion based on his ex post facto argument, the Magistrate Judge did not address his argument that SORNA has not yet been made retroactive to persons convicted of sex offenses before SORNA's enactment.

42 U.S.C. § 16913(a) requires sex offenders to register and maintain registration in a jurisdiction in which the offender works, lives or attends school.  The goal of § 16913 is to synchronize the sex offender registration laws among the states and other relevant jurisdictions.  42 U.S.C. § 16913(d) delegated to the United States Attorney General the duty of drafting regulations specifying the applicability of SORNA to sex offenders convicted before July 27, 2006, the date SORNA was enacted.  On February 28, 2007, the Attorney General issued an interim rule stating that SORNA applies retroactively, specifically to all offenders and including those "convicted of the offense for which registration is required prior to the enactment of that Act."  28 C.F.R. § 72.3.

The issue presented in this case is whether a defendant convicted of a sex offense before July 27, 2006, and who traveled in interstate commerce before February 28, 2007, can be prosecuted under SORNA or whether such a prosecution would violate the Ex Post Facto Clause.  *Zuniga,* 2008 WL 2184118, at *13.  "[A]n ex post facto clause violation

8

occurs only when applied to those previously-convicted persons who *traveled in interstate commerce before the Attorney General's interim rule was announced*." *United States v. Patterson,* No. 8:07CR159, 2007 WL 2904099, at *8 (D. Neb. 2007) (emphasis added) (Report and Recommendation of Hon. F.A. Gossett).   Under facts showing that Patterson traveled in interstate commerce during the gap period, the court concluded that § 2250(a) was applied retroactively in violation of the Ex Post Facto Clause.   *United States v. Patterson,* No. 8:07CR159, 2007 WL 3376732, at *2 (D. Neb. Nov. 8, 2007) (Memorandum and Order of Hon. Joseph F. Bataillon adopting Magistrate Judge's Report and Recommendation).   In the instant case, while Oakley's sex offense conviction predated the Attorney General's retroactivity ruling, his interstate travel occurred after that date. Therefore, the Court concludes that under the particular facts of this case SORNA does not violate the Ex Post Facto Clause.   The objection is denied.

### Due Process

Oakley argues that his prosecution violates the notice and fair warning provisions of the Fifth Amendment Due Process Clause and that actual notice of the duty to register is required.   In support of his argument, Oakley cites to Judge Bataillon's opinion in *Aldrich,* 2008 WL 427483, at *5, as his only direct legal support.   Oakley relies primarily on *Lambert v. California,* 355 U.S. 225, 228 (1957) (stating that wholly passive conduct in failing to register under a municipal code as a felon when the defendant had no actual knowledge of the requirement was a due process violation).

In all other cases decided in this jurisdiction in which this issue has been presented with respect to SORNA, it has been decided that actual notice of the federal requirement

was not necessary for purposes of the Due Process Clause and that knowledge of state reporting requirements sufficed. *Craft,* 2008 WL 1882904, at *5-8 (Hon. Warren K. Urbom) (*Lambert* is narrow exception and applies only where specific criteria are met); *Zuniga,* 2008 WL 2184118, at *15 (Hon. Richard G. Kopf).   In deciding *Craft,* Judge Urbom distinguished Judge Bataillon's *Aldrich* opinion because Aldrich's failure to register occurred before the date SORNA was made retroactive and the "great weight of authority" is contrary to *Aldrich.  Craft,* 2008 WL 1882904, at *8.  *See also, e.g., United States v. Deese,* No. CR-07-167-L, 2007 WL 2778362, at *4 (W.D. Okla. 2007) (the defendant's travel occurred two years before SORNA's effective date, and the motion to dismiss was granted in part as violative of the Ex Post Facto and Due Process Clauses); *Patterson,* 2007 WL 3376732, at *2 (Hon. Joseph F. Bataillon) (the defendant traveled during the gap period and the dismissal was based on ex post facto grounds).[1]  *See also United States v. Barnes,* No. 07 CR. 187, 2007 WL 2119895, at *6 (S.D.N.Y. July 23, 2007) (the defendant was arrested on the same date it became clear SORNA applied to him).

In other jurisdictions the issue has been decided similarly.  In other words, offenders were aware of their state registration obligation even if they were unaware of the federal obligation under SORNA.  Motions to dismiss have not been granted in any court absent an ex post facto violation.  *See, e.g., Waybright,* 2008 WL 2380946, at *17; *Cochran,* 2008 WL 2185427, at *1; *United States v. Tong,* No. CR-08-20-RAW, 2008 WL 2186205, at *1 (E.D. Okla. May 23, 2008); *United States v. David,* No. CRIM 1:08CR11, 2008 WL 2045830, at *6-7 (W.D.N.C. 2008) (*Lambert* does not control, as here David knew of duty

---

[1]In *Patterson,* the reasoning was discussed at greater length in Judge Gossett's Report and Recommendation.  *Patterson,* 2007 WL 2904099, at **5-8.

10

under state law and his conduct was not "wholly passive"); *United States v. Holt,* No. 3:07-CR-0630JAJ, 2008 WL 1776495, at *2 (S.D. Iowa Apr. 14, 2008); *Howell,* 2008 WL 313200, at *9.

Under the facts of this case, Oakley was aware at least of his state obligation to register.  The objection is denied.

### Tenth Amendment

In other Nebraska cases it has been decided that SORNA does not violate the Tenth Amendment.  *Zuniga,* 2008 WL 2184118, at *20 (Hon. Richard G. Kopf); *Craft,* 2008 WL 1882904, at *11 (Hon. Warren K. Urbom); *Hacker,* 2008 WL 312689, at *3 (undersigned Judge).  Every other court that has address the issue has reached the same result.  *See, e.g., Waybright,* 2008 WL 2380946, at *12; *Tong,* 2008 WL 2186205, at *2.  The objection is denied.

### Right to Travel

In every instance in which the issue has been addressed, courts have concluded that SORNA does not infringe on an offender's fundamental right to travel.  *See, e.g., Waybright,* 2008 WL 2380946, at 13; *United States v. Pitts,* 2007 WL 3353423, at *9 (stating that the federal government's compelling interest in enabling law enforcement to prevent future sex offenses overrides the burden placed on offenders subject to SORNA's registration requirements).  Oakley has cited no authority directly supporting his argument.  The objection is denied.

**CONCLUSION**

For the reasons discussed, the Defendant's motion to dismiss or, in the alternative to suppress,[2] is denied.

IT IS ORDERED:

1.      The Magistrate Judge's Report and Recommendation (Filing No. 28) is adopted;

2.      The last clause of the sentence appearing in the last line on page 2 and at the top of page 3 of the Report and Recommendation should read: "however, he did *not* register with the East Baton Rouge Parish Sheriff's Office or the Baton Rouge Police Department";

3.      The Statement of Objections to the Report and Recommendation (Filing No. 32) is denied; and

4.      The Defendant's Motion to Dismiss or, alternatively, to Suppress (Filing No. 18) is denied.

DATED this 31st  day of July, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

_____

[2]No objections were raised to the denial of the suppression portion of the motion.

12